UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Juan C. Avila,
and other similarly
situated individuals,

     Plaintiff(s),

v.

Hendrick Roofing, Inc.
Randy D. Hendrick, and
David R. Hendrick, individually,

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Juan C. Avila and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Hendrick Roofing, Inc., Randy D. Hendrick, and David R. Hendrick, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has

jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Juan C. Avila is a resident of Pinellas County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Hendrick Roofing, Inc. (from now on Hendrick Roofing, Inc., or Defendant) is a Florida corporation having a place of business in Largo, Pinellas County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants Randy D. Hendrick and David R. Hendrick were and are now the owners/partners/officers and Managers of Defendant corporation Hendrick Roofing. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Pinellas County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Juan C. Avila as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq*

(the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being adequately compensated.

7. Defendant Hendrick Roofing is a roofing company specializing in commercial and residential roof installations, maintenance, and repairs. Hendrick Roofing is located at 7425 124th Ave., Suite A, Largo, FL 33773.

8. Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick employed Plaintiff Juan C. Avila as a non-exempted, full-time roof installer from approximately November 29, 2021, to March 22, 2022, or 16 weeks.

9. Plaintiff worked under the supervision of manager Ramon LNU, and the business owners Randy D. Hendrick and David R. Hendrick.

10. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a piece rate of $80.00 per square. Plaintiff earned an average of $1,750.00 weekly.

11. Plaintiff had a regular schedule, and he worked from Monday to Friday from 7:00 AM to 7:00 PM (12 hours daily). Plaintiff worked 57.5 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime.

12. Additionally, on at least two Saturdays per month, Plaintiff worked from 7:00 AM to 7:00 PM (11.5 hours deducting 30 minutes of lunchtime). Or a total of 69 hours weekly.

13. Thus, during his employment with Defendants, Plaintiff worked a total of 8 weeks with 57.5 working hours and 8 weeks with 69 working hours.

14. Plaintiff was paid weekly for all his hours, but he was not paid for overtime hours, as required by law.

15. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

18. Plaintiff was not in agreement with his extended working hours and the lack of payment for regular and overtime hours.

19. On or about March 22, 2022, Plaintiff complained to his manager Ramon LNU about unpaid wages and overtime. Immediately after Plaintiff's

complaint, Defendants fired Plaintiff. Defendants did not allow Plaintiff to finish the day's work.

20. At the time of his termination, Defendants refused to pay Plaintiff three weeks of work, equivalent to $5,250.00.

21. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

22. Plaintiff Juan C. Avila seeks to recover regular and unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

23. In addition, Plaintiff demands the reimbursement of $200.00 of gas expenses and $450.00 corresponding to the value of personal tools that Defendants retained and did not allow Plaintiff to pick up.

## Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

26. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

27. Plaintiff Juan C. Avila re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. Defendant Hendrick Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a roof installer employee. Plaintiff handled and worked with goods and materials that were moved in

interstate commerce at any time during the business. Therefore, there is individual coverage.

30. Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick employed Plaintiff Juan C. Avila as a non-exempted, full-time roof installer from approximately November 29, 2021, to March 22, 2022, or 16 weeks.

31. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a piece rate of $80.00 per square. Plaintiff earned an average of $1,750.00 weekly.

32. Plaintiff had a regular schedule, and he worked from Monday to Friday from 7:00 AM to 7:00 PM (12 hours daily). Plaintiff worked 57.5 hours weekly. Plaintiff has deducted 2.5 hours of lunchtime.

33. Additionally, on at least two Saturdays per month, Plaintiff worked from 7:00 AM to 7:00 PM (11.5 hours deducting 30 minutes of lunchtime). Or a total of 69 hours weekly.

34. Thus, during his employment with Defendants, Plaintiff worked a total of 8 weeks with 57.5 working hours and 8 weeks with 69 working hours.

35. Plaintiff was paid weekly for all his hours, but he was not paid for overtime hours, as required by law.

36. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

37. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

39. Plaintiff was fired on or about March 22, 2022, after he complained about unpaid wages.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

43. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

       Five Thousand Seventy-Two Dollars and 56/100 ($5,072.56)

    b.  <u>Calculation of such wages</u>:

       Total period of employment: 16 week
       Relevant weeks of employment:  16 weeks
       Total hours worked: 66 hours weekly
       Piece rate: $80.00 x square
       Total paid weekly: $1,750.00 weekly average

       1.- Overtime for 8 weeks with 57.5 hours
       Relevant weeks: 8 weeks
       Total hours worked: 57.5 hours
       O/T unpaid hours: 17.5 hours
       Paid: $1,750.00: 57.5 hours=$30.43 x 1.5=$45.65
       O/T rate: $45.65- $30.43 O/T rate paid=$15.22 half-time difference
       Half-time: $15.22

       $15.22 x 17.5 O/T hours=$266.35 weekly x 8 weeks=$2,130.80

       2.- Overtime for 8 weeks with 69 hours
       Relevant weeks: 8 weeks
       Total hours worked: 69 hours
       O/T unpaid hours: 29 hours
       Paid: $1,750.00: 69 hours=$25.36 x 1.5=$38.04
       O/T rate: $38.04- $25.36 O/T rate paid=$12.68 half-time difference

Half-time: $12.68

$12.68 x 29 O/T hours=$367.72 weekly x 8 weeks=$2,941.76

Total #1 and #2: $5,072.56

   c.   <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

44. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. At times mentioned, individual Defendants Randy D. Hendrick and David R. Hendrick were, and are now, the owners/partners/managers of Hendrick Roofing. Defendants Randy D. Hendrick and David R. Hendrick

were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Hendrick Roofing's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Randy D. Hendrick and David R. Hendrick had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

47. Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Juan C. Avila and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Juan C. Avila and other similarly situated individuals and against the Defendants Hendrick Roofing and Randy D. Hendrick, and David R. Hendrick based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Juan C. Avila actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Juan C. Avila demands a trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

49. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-26 of this Complaint as if set out in full herein.

50. Defendant Hendrick Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a roof installer employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

52. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any

workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

       (C) $7.25 an hour, beginning 24 months after that 60th day.

53. Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick employed Plaintiff Juan C. Avila as a non-exempted, full-time roof installer from approximately November 29, 2021, to March 22, 2022, or  16 weeks.

54. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a piece rate of $80.00 per square. Plaintiff earned an average of $1,750.00 weekly.

55. Plaintiff had a regular schedule, and he worked weeks of 5 and 6 days per week, with 57.5 and 69 hours weekly.

56. Thus, during his employment with Defendants Plaintiff worked a total of 8 weeks with 57.5 working hours and 8 weeks with 69 working hours.

57. Plaintiff was paid weekly for all his hours, but he was not paid for overtime hours, as required by law.

58. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

59. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

60. Plaintiff was not in agreement with his extended working hours and the lack of payment for regular and overtime hours.

61. On or about March 22, 2022, Plaintiff complained to his manager Ramon LNU about unpaid wages and overtime. Immediately after Plaintiff's complaint, Defendants fired Plaintiff.

62. At the time of his termination, Defendants refused to pay Plaintiff three weeks of work equivalent to $5,250.00.

63. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

64. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

65. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

66. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

67. Plaintiff was paid with paystubs that did not show the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

68. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

69. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

70. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

71. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Two Thousand Seventy Dollars and 00/100 ($2,070.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 16 weeks
       Total number of unpaid weeks: 3 weeks
       Total number of unpaid hours: 69 hours weekly
       Fl Minimum wage 2022: $10.00

       $10.00 x 69 hours=$690.00 weekly x 3 weeks= $2,070.00

    c. <u>Nature of wages</u>:

       This amount represents regular unpaid wages at the Florida minimum wage rate.

72. Defendants unlawfully failed to pay minimum wages to Plaintiff.

73. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

74. At times mentioned, individual Defendants Randy D. Hendrick and David R. Hendrick were, and are now, the owners/partners/managers of

Hendrick Roofing. Defendants Randy D. Hendrick and David R. Hendrick were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Hendrick Roofing's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Randy D. Hendrick and David R. Hendrick had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

75. Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

76. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Juan C. Avila respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Hendrick

Roofing, Randy D. Hendrick, and David R. Hendrick based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Juan C. Avila and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### **<u>COUNT III:</u>**
### **<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
### **<u>PURSUANT TO 29 USC 215(a)(3)</u>**

77. Plaintiff Juan C. Avila re-adopts every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

78. Defendant Hendrick Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing Company. Defendant had more than two employees

recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

79. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee and driver. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

80. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

81. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

82. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the

employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

83. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

84. Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick employed Plaintiff Juan C. Avila as a non-exempted, full-time roof installer from approximately November 29, 2021, to March 22, 2022, or 16 weeks.

85. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a piece rate of $80.00 per square. Plaintiff earned an average of $1,750.00 weekly.

86. Plaintiff had a regular schedule, and he worked weeks of 5 and 6 days with a total of 57.5 and 69 hours weekly.

87. During his employment with Defendants, Plaintiff worked a total of 8 weeks with 57.5 working hours and 8 weeks with 69 working hours.

88. Plaintiff was paid weekly for all his hours, but he was not paid for overtime hours, as required by law.

89. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

90. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

91. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

92. Plaintiff was not in agreement with his extended working hours and the lack of payment for regular and overtime hours.

93. On or about March 22, 2022, Plaintiff complained to his manager Ramon LNU about unpaid wages and overtime.

94. This complaint constituted protected activity under the FLSA.

95. However, immediately after Plaintiff's complaint, Defendants fired Plaintiff. Defendants did not allow Plaintiff to finish the day's work.

96. At the time of his termination, Defendants refused to pay Plaintiff three weeks of work equivalent to $5,250.00

97. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

98. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

99. There is close proximity between Plaintiff's protected activity and his termination.

100.    The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

101.    The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

102.    At times mentioned, individual Defendants Randy D. Hendrick and David R. Hendrick were, and are now, the owners/partners/managers of Hendrick Roofing. Defendants Randy D. Hendrick and David R. Hendrick were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Hendrick Roofing's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Randy D. Hendrick and David R. Hendrick had financial and operational control of the business determining Plaintiff's terms and

conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

103.    Plaintiff Juan C. Avila has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Juan C. Avila respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick that Plaintiff Juan C. Avila recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Hendrick Roofing, Randy D. Hendrick, and David R. Hendrick to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Juan C. Avila further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Juan C. Avila demands a trial by a jury of all issues triable as a right by a jury.

Dated:  October 6, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*